## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JAMES NEFF** and **ELIZABETH CLARK NEFF**,<br><br>Debtors. | Case No. **13-60092-7** |
| **MONTANA DEPARTMENT OF LABOR AND INDUSTRY**,<br><br>Plaintiff.<br><br>-vs-<br><br>**ELIZABETH CLARK NEFF** and **JAMES NEFF**,<br><br>Defendants. | Adv No. **13-00013** |

## MEMORANDUM OF DECISION

At Butte in said District this 19th day of December, 2013.

Pending in this adversary proceeding to determine dischargeability of debt under 11 U.S.C. § 523(a) are: (1) Plaintiff Montana Department of Labor and Industry's ("Department") second motion for summary judgment (Document No. 26); and (2) Plaintiff's motion in limine (Doc. 33), both of which are based on issue preclusion (collateral estoppel) and a decision entered by a Department Hearing Officer that Defendants must repay unemployment insurance ("UI") benefits which they received, plus penalties. Defendants/Debtors James Neff ("James") and Elizabeth Clark Neff ("Elizabeth") (together "Neffs") filed objections to both motions,

1

which the Court took under advisement after a hearing on November 7, 2013.  After review of Plaintiff's motions, Debtors' responses, record and applicable law, for the reasons below both of Plaintiff's motions will be denied.

This Court has jurisdiction of the above-captioned Chapter 7 case under 28 U.S.C. § 1334(a).  This adversary proceeding to determine dischargeability of debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Plaintiff commenced this adversary proceeding by filing a complaint on April 29, 2013, seeking an exception from Debtors' discharge under § 523(a).  Debtors filed an answer and counterclaim.  The Court granted Plaintiff's first motion for summary judgment and dismissed Debtors' counterclaim on August 26, 2013.[1]  Plaintiff filed a motion to amend its complaint on August 29, 2013, which the Court granted without objection on September 16, 2013.

The amended complaint (Doc. 23) seeks exception from the Debtors' discharge of debt owed to the Plaintiff for overpayment of UI benefits under § 523(a)(2)(A) for false representations, and Count II seeks exception from discharge for penalties imposed under § 523(a)(7).  Debtors filed an answer denying liability and included an affirmative defense that Plaintiff's damages were caused by actions of third parties for whom they cannot be held responsible.

Plaintiff filed its second motion for summary judgment on September 30, 2013, including a separate section entitled "Statement of Uncontroverted Facts" at pages 2 to 5, and an exhibit consisting of an opinion and order on remand entered on November 20, 2012, in the Montana

---

[1]Defendants' counterclaim sought damages for willful violation of the automatic stay. The Court concluded that the Department's post-petition actions are exempt from the stay under the police and regulatory exception of 11 U.S.C. § 362(b)(4).  Doc. 17.

Twenty-First Judicial District Court, Ravalli County, Cause No. DV 2012-315.  Plaintiff's

Statement of Uncontroverted Facts sets forth the following facts:

     1. The Department made a determination that the Neffs must repay unemployment insurance (UI) benefits they received and imposed 52 weeks of disqualification from receiving UI benefits as an administrative penalty. (Amended Complaint¶ 15; admitted in Answer to Amended Complaint (hereafter Amended Answer) ¶ 15).

     2. The Neffs requested a redetermination and the Department issued a superceding redetermination upholding the initial determination. (Amended Complaint ¶¶ 15-16; admitted in Amended Answer ¶¶ 15-16).

     3. The Neffs appealed the superceding redetermination and a contested case hearing was held. (Amended Complaint ¶¶ 16-17; admitted in Amended Answer ¶¶ 16- 17).

     4. After the contested case hearing, the Hearing Officer issued a decision that the Neffs must repay unemployment insurance (UI) benefits they received because they knowingly misrepresented the hours they were working each week to the Department. (Amended Complaint ¶ 18; not denied in Amended Answer)

     5. The Neffs appealed the Hearing Officer decision to the Board of Labor Appeals (BOLA). (Amended Complaint ¶ 19; admitted in Amended Answer ¶ 19).

     6. BOLA affirmed and adopted the decision of the Hearing Officer. (Amended Complaint ¶ 20; not denied in Amended Answer).

     7. The Neffs petitioned the State district court for judicial review of the BOLA decision. (Amended Complaint ¶ 21; admitted in Amended Answer ¶ 21).

     8. On November 20, 2012, the Court issued an Opinion and Order of Remand.  The Court reviewed the administrative record and found that substantial evidence supported BOLA's factual determination that the Neffs had submitted false statements to the Department regarding the number of hours that each worked. The Court also held it was precluded by the applicable standard of review, Section 39-51-2410(5), MCA, from applying the doctrine of equitable estoppel to the amounts the Neffs owed the Department. However, the Court concluded the Neffs were denied due process in contesting their overpayments and remanded. (Amended Complaint ¶ 22; admitted in Amended Answer ¶ 22).

9. On December 10, 2012, BOLA issued a Remand Order to the Hearings Bureau, instructing the Hearing Officer to adjudicate 1) whether the Neffs were qualified to receive UI benefits, and 2) if the Neffs were not qualified to receive UI benefits, did they knowingly make false statements or knowingly fail to disclose material facts in order to obtain or increase benefits. (Amended Complaint ¶ 23; admitted in Amended Answer ¶ 23).

10. The Hearings Bureau issued a Notice of Telephone Hearing, setting the Neffs' hearing for January 3, 2013. The hearing was reset to January 14, 2013, and again reset to January 31, 2013 at the Neffs' request. (Amended Complaint ¶ 24; admitted in Amended Answer ¶ 24).

11. On January 30, 2013, the Neffs' counsel provided the Department with a Notice of Bankruptcy Case Filing. (Amended Complaint ¶ 25; admitted in Amended Answer ¶ 25).

12. On January 31, 2013, the Hearing Officer contacted the Neffs and their counsel for the hearing. The Neffs seemed ready to proceed, but declined to participate after conferring with their counsel. The hearing proceeded with only the Department participating. (Amended Complaint ¶ 26; admitted in Amended Answer ¶ 26).

13. On February 8, 2013, the Hearing Officer issued a detailed Decision, finding in part that:

> The preponderance of the evidence shows both Elizabeth Neff and James Neff personally misrepresented to the department that they worked only 16 hours per week during the period beginning the benefit week ending January 8, 2011 through the benefit week ending February 11, 2012 despite both having worked more than 40 hours during each of those weeks for Neff's Flooring America. Both Elizabeth Neff and James Neff knew or should have known that those representations were false. The representations were clearly made in connection with their claims for benefits and was material to a determination of their benefit entitlement given that their weekly benefit amount would have been zero if they had correctly reported the hours they worked during those weeks. It is not credible that neither Elizabeth Neff or James Neff did not understand that they were required to report all of the hours they worked for Neff's Flooring America.

(Amended Complaint ¶ 27; not denied in Amended Answer).

4

14. The Hearing Bureau's February 8, 2013 Decision found that James Neff is required to repay the Department $16,976.00 plus a penalty of $5,602.08, and found that Elizabeth Neff is required to repay the Department $16,271.00 plus a penalty of $5,369.43. (Amended Complaint ¶ 29; not denied in Amended Answer).

15. The Hearing Bureau's February 8, 2013 Decision expressly included appeal rights, informing the Neffs they had until February 19, 2013, to appeal the Decision to BOLA. Neither James nor Elizabeth Neff appealed the Decision. (Amended Complaint ¶ 28; admitted in Amended Answer ¶ 28).

16. This Court has ruled the Department's post-petition proceedings did not violate the automatic stay.

Defendants' response brief (Doc. 34) has on page 2 a heading entitled "Statement of Genuine Issues" which lists two (2) disputed facts:

1) Whether representatives of the State Department of Labor and Unemployment Division represented to Defendants they could receive benefits if they were only paid for 16 hours even if working more hours; and 2.) Defendants filed the instant bankruptcy January 29, 2013 and there was no final judgment against them at that time so Res Judicata[2] and/or collateral estoppel do not apply.

Defendants' response includes an affidavit of Elizabeth Neff. At paragraph 4 on page 2 of her affidavit Elizabeth states that she did not know how to list information regarding the number of hours they were working to make up for employee hours reduced, "so I asked the representative and was instructed to 'put down sixteen hours.'" Paragraph 5 states that on another occasion Elizabeth "was instructed to indicate on the claim form that I and Plaintiff, James Neff were 'working reduced hours.'" Paragraph 6 states that Elizabeth relied on Department representatives in submitting their claims for benefits "and would not have applied for benefits, or continued to submit claims for benefits, but for said advice."

Montana Local Bankruptcy Rule 7056-1(a)(3) provides: "Facts Admitted. All material

---

[2]The principle of res judicata or claim preclusion is not at issue.

5

facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party."

The Department filed its motion in limine (Doc. 33) on October 21, 2013, seeking the Court to rule *in limine,* based upon issue preclusion and the Hearing Officer's February 8, 2013, decision, that the Defendants are precluded from arguing or introducing at trial evidence that a Department representative advised them to report less hours than they actually worked with they applied for UI benefits.  Defendants filed a response in opposition to the Department's motion in limine, incorporating their response to the Department's second motion for summary judgment, and arguing that there exists relevant evidence in the form of representations made by Department representatives to the Defendants about reporting the number of hours worked.

## DISCUSSION

### I.  Summary Judgment.

Summary judgment is governed by FED. R. BANKR. P. 7056.  Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact.  *T.W. Elec.*

*Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).  If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e).  *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute").  That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment."  *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence.  *Aquaslide*, 85 B.R. at 547.  All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party.  *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509.  If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied.  *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986).  Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.  *T.W. Elec. Serv.*, 809 F.2d at 631.  In the

7

absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

The Department argues that there is no genuine issue of material fact based upon the Hearing Officer's decision of February 8, 2013, which found by a preponderance of the evidence that Defendants made misrepresentations and they "knew of should have known that those representations were false" in connection with their claims for benefits. Uncontroverted Fact No. 13. The Hearing Officer further stated: "It is not credible that neither Elizabeth Neff or James Neff did not understand that they were required to report all of the hours they worked ...." Defendants argue that Department representatives represented to them that they would receive benefits if they were only paid for 16 hours even if they worked more hours, and Defendants included a sworn affidavit of Elizabeth to support their contention that a genuine issue of fact exists. The Department requests that this Court apply issue preclusion based on the Hearing Officer's decision and prohibit the Debtors from offering any evidence to support their contentions that Department representatives advised them to put down only 16 hours.

There is a principle in the Ninth Circuit that a court is not to make credibility determinations or weigh conflicting evidence when granting or denying summary judgment. *Yeager v. Bowlin*, 693 F.3d 1067, 1080 (9th Cir. 2012); *Van Asdale v. International Game Technology*, 577 F.3d 989, 998 (9th Cir. 2009). Applying this principle, it would not be proper for the Court to make a credibility determination or weigh conflicting evidence between what the Defendants assert Department representatives told them about the number of hours to report, versus what the Hearing Officer found. Whether or not Department representatives advised Defendants about the number of hours to report would be a genuine issue of material fact to be

8

decided at trial, unless this Court deems it appropriate to prohibit Defendants from offering evidence in support their contentions on the basis of issue preclusion.

## II.  523(a)(2)(A).

The principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor."  *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).  The "fresh start" is explained by the Ninth Circuit Bankruptcy Appellate Panel in *Albarran v. New Forms, Inc. (In re Albarran)*, 347 B.R. 369, 379 (9th Cir. BAP 2006):

> The general policy of bankruptcy law favors allowing an honest debtor to discharge debts and to make a fresh start free from the burden of past indebtedness. *See Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Thus, because a debtor in bankruptcy is assumed to be poor but honest, there is a presumption that all debts are dischargeable unless a party who contends otherwise proves, with competent evidence, an exception to discharge. *See Brown v. Felsen*, 442 U.S. 127, 128-29, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); Hon. Barry Russell, BANKRUPTCY EVIDENCE MANUAL ¶ 301.60, p. 870 (2006 ed.).

> The corollary to this policy is that only the "honest but unfortunate" debtor is entitled to an entirely unencumbered fresh start. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

*Grogan*, in further explaining the "fresh start" policy of the Bankruptcy Code, states that "a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)."  *Grogan*, 498 U.S. at 286, 111 S.Ct. at 659.

In a nondischargeability claim the burden of proof falls on the creditor to prove the

elements by a preponderance of the evidence. *Grogan*, 498 U.S. at 291, 111 S.Ct. at 661 ("we hold that the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard."); *In re Branam*, 226 B.R. 45, 52 (9th Cir. BAP 1998), *aff'd*, 205 F.3d 1350 (9th Cir. 1999). When applying the preponderance of the evidence standard, "[i]n addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury producing action." *Albarran*, 347 B.R. at 379, quoting *Carrilo v. Su (In re Su)*, 290 F.3d 1140, 1146 n.6 (9th Cir. 2002). However, in order to give effect the fresh start, exceptions to discharge are strictly construed against an objecting creditor and in favor of the debtor. *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992); *In re Klapp*, 706 F.2d 998, 999 (9th Cir. 1983).

Section 523(a)(2)(A) provides that, "a discharge under . . . this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, . . . ." To prevail on a § 523(a)(2)(A) claim, a creditor must establish five elements: "'(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.'" *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (9th Cir. BAP 2009) (*quoting Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)); s*ee also Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001*); American Express Travel Related Services*

10

*Co. Inc. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1125 (9th Cir.1996).  Notwithstanding the weighty burden, a creditor bears the burden of proof to establish each of the five elements by a preponderance of the evidence.  *Slyman*, 234 F.3d at 1085.

Count I of the Department's amended complaint seeks exception from discharge under § 523(a)(2)(A) for UI benefits awarded to Defendants as a result of their alleged false representations to the Department about the number of hours they worked.  Collection of wrongfully paid unemployment benefits is specifically authorized under MONT. CODE ANN. ("MCA") § 39-51-3206.  Count II seeks exception from discharge under § 523(a)(7) of penalties imposed by the Department under MCA § 39-51-3201.

### III.  Issue Preclusion.

The doctrine of collateral estoppel or issue preclusion applies in dischargeability proceedings to preclude relitigation of state court findings relevant to exceptions to discharge. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001); *T & D Moravits & Co. v. Munton (In re Munton)*, 352 B.R. 707, 712 (9th Cir. 2006).  The party asserting issue preclusion bears the burden of proof as to all elements, and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated.  *Child v. Foxboro Ranch Estates, LLC (In re Child)*, 486 B.R. 168, 172 (9th Cir. BAP 2013).

Under the Full Faith and Credit Act, courts apply the preclusion law of the state in which the judgment originates.  *Harmon*, 250 F.3d at 1245; *Munton*, 352 B.R. at 712.  The test in Montana to apply collateral estoppel or issue preclusion is stated in *In re Estates of Swanson*, 2008 MT 224, ¶ 16, 344 Mont. 266, 187 P.3d 631:

11

(1) the issue decided in the prior adjudication is identical with the one presented in the action in question;
(2) there was a final judgment on the merits; and
(3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;

*In re Houston*, 2008 WL 5971043 (Bankr. D. Mont. 2008); *see also Safeco Inc. Co. of America v. Liss*, 2000 MT 380, ¶¶ 45, 46, 48, 51, 303 Mont. 519, ¶¶ 45, 46, 48, 51, 16 P.3d 299, ¶¶ 45, 46, 48, 51. The source of Montana's collateral estoppel test is the California State Supreme Court decision *Teitelbaum Furs, Inc. v. Dominion Ins. Co.* (1962), 58 Cal.2d 601, 25 Cal. Rptr. 559, 560, 375 P.2d 439, 440. *See, Aetna Life and Cas. Ins. Co. v. Johnson* (1984), 207 Mont. 409, 414, 673 P.2d 1277, 1280.

The party seeking issue preclusion bears the burden of proof on each of the three requirements. *Harmon*, 250 F.3d at 1245. Any reasonable doubt as to what was decided by a prior judgment should be resolved against giving it collateral estoppel effect. *In re Reynoso*, 477 F.3d 1117, 1123 (9th Cir. 2007); *Berr v. Fed. Deposit Ins. Corp. (In re Berr)*, 172 B.R. 299, 306 (9th Cir. BAP 1994).

The Ninth Circuit Court of Appeals provided further explanation of issue preclusion in *Troutt v. Colo. W. Ins. Co.*, 246 F.3d 1150, 1157 (9th Cir. 2001):

[C]ollateral estoppel, also known as issue preclusion, bars the reopening of an issue in a different cause of action that has been litigated and determined in a prior suit. *See Holtman v. 4-G's Plumbing & Heating, Inc.*, 264 Mont. 432, 872 P.2d 318, 322 (1994). The preclusive effect extends to all issues essential to the prior judgment. *See Boyd v. First Interstate Bank of Kalispell, N.A.*, 253 Mont. 214, 833 P.2d 149, 151 (1992). This doctrine has a three-part test: (1) the identical issue raised has been previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; and (3) the party against whom the plea is now asserted was a party, or in privity with a party, in the prior adjudication. *See State v. Young*, 259 Mont. 371, 856 P.2d 961, 965 (1993). In applying the three-part test, Montana courts have stated that the identity

12

of the issues is the most crucial element of collateral estoppel. *See Holtman*, 872
P.2d at 322. This means that the exact same issue must have been litigated in the
prior action. *See Anderson v. State*, 250 Mont. 18, 817 P.2d 699, 702 (1991). In
making this determination, courts compare the pleadings, evidence, and
circumstances surrounding the two actions. *See Aetna Life Ins. Co. v. McElvain*,
221 Mont. 138, 717 P.2d 1081, 1086 (1986).

On the crucial element of identity of the issues, it is clear from the amended complaint
that the Department's decision against Defendants for wrongfully paid unemployment benefits
and penalties is based upon Montana's unemployment insurance statutes, and is not based upon a
judgment awarded for actual fraud.  While there may be similar elements, identity of issues
"means that the exact same issue must have been litigated in the prior action." *Troutt*, 246 F.3d
at 1157;  *Anderson v. State*, 817 P.2d at 702; *see*, *White v. Boettger*, 2010 WL 3999590, * 5(D.
Mont.), citing *Troutt.*  This Court is not persuaded that the Department has satisfied its heavy
burden of showing that the exact same elements of fraud under § 523(a)(2)(A) were litigated in
the Department's administrative proceeding to recover wrongfully paid unemployment benefits
and penalties under Montana UI statutes.

In *Shepherd, et al. v. Mading (In re Mading)*, this Court applied a 4-part test for collateral
estoppel, and concluded that a state court judgment against the debtor for actual fraud was
entitled to collateral estoppel effect for exception from debtor's discharge for fraud under §
523(a)(2)(A).  11 Mont. B.R. 111-12 (Bankr. D. Mont. 1992).  The district court affirmed,
quoting the United States Supreme Court in *Grogan v. Garner*, "all creditors who have secured
fraud judgments, the elements of which are the same as those of the fraud discharge exception,
will be exempt from discharge under collateral estoppel principles." *Mading v. Shepherd*, 12
Mont. B.R. 293, 297, 302 (D. Mont. 1994).  The Ninth Circuit affirmed in an unpublished

decision. *Mading v. Shepherd, et al.*, 45 F.3d 436, 1994 WL 718767 (9th Cir. 1994).

The final decision from the Department after remand is not a judgment against the Defendants for actual fraud, but rather a decision based upon unemployment insurance statutes to recover wrongfully paid UI benefits and penalties. In addition, this Court is concerned about a Hearing Officer's determination that it is not credible that Defendants did not understand that they were required to report all hours worked, when Defendants did not attend and participate in the hearing on January 31, 2013.[3] A finding in the Defendants' absence that the Department's arguments are supported by a preponderance of the evidence is one thing; but a finding on credibility when the Defendants did not appear and testify under the Hearing Officer's observation is a different matter which this Court does consider supported by sufficient evidence.

In *Mading* this Court quoted the Ninth Circuit decision *Memorex v. IBM*, 555 F.2d 1379, 1384 (9th Cir. 1997), which in turn construed the rule from *Halpern v. Schwartz*, 426 F.2d 102, 105 (2nd Cir. 1970): "It is well established that although an issue was litigated and a finding made on that issue in prior litigation, the prior judgment will not foreclose reconsideration of that issue if the issue was not necessary to the rendering of the prior judgment, and hence was incidental, collateral, or immaterial to that judgment." *Mading*, 11 Mont. B.R. at 110, quoting *Memorex v. IBM*.

Although Montana's 3-part test does not include the 4th element from the test used in

---

[3]At that time this Court had not yet ruled that the Department's actions were excepted from the automatic stay under § 362(b)(4). Defendants did not attend the hearing on remand because they assumed, apparently on the advice of counsel, that the administrative proceedings were stayed by § 362(a). While it turned out Defendants were wrong in that assumption, the Department did not clarify the situation by filing a motion to modify stay, which the Department could have done on short notice under § 362(d) to remove any uncertainty.

*Mading*, the Ninth Circuit in affirming *Mading* did so on the basis that the state jury's finding of actual fraud was a question essential to the state court judgment.  1994 WL 718767, at *2.  In the instant case, by contrast, Ninth Circuit law continues to provide that "although an issue was litigated and a finding made on that issue in prior litigation, the prior judgment will not foreclose reconsideration of that issue if the issue was not necessary to the rendering of the prior judgment, and hence was incidental, collateral, or immaterial to that judgment.  *Norton v. Larney*, 266 U.S. 511, 517, 45 S.Ct. 145, 69 L.Ed. 413 (1925); *Halpern v. Schwartz*, 426 F.2d 102, 105 (2 Cir. 1970)."  *Memorex*, 555 F.2d 1379; *Mading*, 11 Mont. B.R. at 110.  The Hearing Officer's finding regarding credibility was not essential to the award of benefit overpayments based on MCA § 39-51-3206, so this Court is not foreclosed from considering whether Defendants are credible in asserting that Department representatives advised them to list only 16 hours of work even thought they worked more hours.  *Mading*, 11 Mont. B.R. at 110, quoting *Memorex.*

Finally, even if issue preclusion otherwise would be available, under federal law and Montana law the bankruptcy court retains discretion whether to apply it.  Before applying issue preclusion the bankruptcy court also must determine "whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy."  *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824-25 (9th Cir. BAP 2006) (citing *Lucido v. Super. Ct.*, 51 Cal.3d 335, 342-43 (1990)).

The "preferable approach . . . in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine whether it should be applied.  *In re Lopez,* 367 B.R. 99, 107-08 (9th Cir. BAP 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 & nn. 14-16 (1979)).  Under both federal law and California law, upon

which Montana law is based, a bankruptcy court retains discretion whether to apply collateral estoppel even where the technical requirements are met, because "issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness." *Lopez*, 367 B.R. at 108.

California courts give preclusive effect to a judgment "only if application of preclusion furthers the public policies underlying the doctrine." *Harmon*, 250 F.3d at 1245. Those policies include the "need to limit litigation against the right of a fair adversary proceeding in which a party may fully present the facts." *Id.* (quoting authority). Since Montana adopted the California test for collateral estoppel in *Aetna Life and Cas. Ins. Co. v. Johnson*, 207 Mont. at 414, 673 P.2d at 1280, this Court considers Montana law to include the discretion given to courts under California law and federal law on whether to apply collateral estoppel to further the public policies underlying the doctrine balanced against a party's right to fully present facts in a fair adversary proceeding. *Lopez*, 367 B.R. at 108; *Harmon*, 250 F.3d at 1245.

This Court exercises its discretion against application of issue preclusion in the instant case, both with respect to the Department's second motion for summary judgment, and with respect to the Department's motion in limine. Defendants did not attend and participate in the administrative hearing January 31, 2013, after conferring with their counsel. While the Department going ahead with the hearing did not violate the automatic stay, this Court does not view Defendants' failure to participate in the hearing as indicative of bad faith or negligence, or a valid ground to make a determination of credibility. Defendants had a good faith reason to believe, based on the advice of counsel, that the hearing was stayed by the filing of their

16

bankruptcy petition under § 362(a).  Defendants were mistaken, but this Court does not consider

it consistent with public policy and Defendants' right to fully present facts in a fair adversary

proceeding to bar their testimony about whether or not Department representatives advised them

to report only 16 hours instead of the hours they worked.  *Lopez*, 367 B.R. at 108; *Harmon*, 250

F.3d at 1245.  The Department did not file a motion to modify stay to clarify whether the

telephonic hearing could proceed, and the hearing had been continued twice according to the

Department's alleged fact No. 10.

Other than Defendants' contentions that Department representatives told them to report

16 hours instead of the hours they actually worked, no other contested issue of fact exists for

trial.  However, that fact remains a genuine issue of material fact which remains for

determination at trial.

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2.  The Department's second motion for summary judgment seeking exceptions from

discharge is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I).

3.  The Department failed to satisfy its burden to show a genuine issue of material fact as

required for summary judgment.

4.  The Court has the discretion to decline to apply issue preclusion to the Hearing

Officer's decision of January 31, 2013.  The Court exercises its discretion against applying issue

preclusion.

5.  Based on the Court's denial of issue preclusion, the Court deems it appropriate in its

discretion to deny the Department's motion in limine.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above

denying Plaintiff's second motion for summary judgment; denying Plaintiff's motion in limine;

and scheduling trial of this adversary proceeding to commence on January 9, 2014.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

18